UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREGORY A. O'NEAL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>KURION-VEOLIA INC.,<br><br>　　　　　　Defendant. | NO: 4:17-CV-5035-TOR<br><br>ORDER DISMISSING COMPLAINTS WITH PREJUDICE |

BEFORE THE COURT are Plaintiff's Complaints, ECF Nos. 4 and 5, filed on March 20, 2017, and March 31, 2017. The Court has reviewed the Complaints and the file therein, and is fully informed.

Plaintiff, Gregory A. O'Neal, proceeding *pro se*, filed an application to proceed *in forma pauperis*, under 28 U.S.C. § 1915, which was reviewed for financial purposes and approved on March 20, 2007. ECF No. 3. The Court is now performing the second part of the review process under 28 U.S.C. § 1915(e)(2).

//

//

## PLAINTIFF'S ALLEGATIONS

Plaintiff Gregory A. O'Neal alleges that he accepted a Design Manager position with Defendant Kurion-Veolia Inc. through Aerotek, an employment agency. *See* ECF No. 5 at 3. On his first day, Plaintiff was informed that Defendant needed to hire two new employees. *Id.* Plaintiff was "very disappointed" that he was not allowed to participate in the hiring process, and expressed his dissatisfaction to an Aerotek representative. *Id.* Plaintiff contends that he would not have accepted the position if he did not have "the authority to hire and fire." *Id.* On February 20, 2017, Plaintiff's boss stated, "I just have a gut feeling you're not going [sic] work well and I am going to have to let you go." *Id.*

The Court construes Plaintiff's Complaints as alleging breach of contract and perhaps negligence causes of action against Defendant related to his termination. *Id.* at 4. Plaintiff asserts that Defendant breached his contract by not allowing him to have the authority to hire and fire. *Id.* at 3-4. Plaintiff seeks "$25,000, plus all court costs and attorney fees" because he is "out a job, income, regular use of [his] music studio and [because of] the bills" he incurred to relocate. *Id.* at 4.

## DISCUSSION

**A. Standard of Review**

Courts are required to screen any complaint filed by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e)(2). "An *in forma pauperis* complaint is

frivolous if it [has] no arguable substance in law or fact." *Tripati v. First National Bank & Trust,* 821 F.2d 1368, 1370 (9th Cir. 1987) (internal quotation marks and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989), superseded by statute on other grounds, 28 U.S.C. §1915(d), as stated in *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000).

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The court may raise the question of its subject matter jurisdiction over proceedings at any time and on its own initiative. *See Morongo Band of Mission Indians v. California State Board of Equalization,* 858 F.2d 1376, 1380 (9th Cir. 1988). If a court lacks jurisdiction, the case must be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Cato v. United States,* 70 F.3d 1103, 1106-07 (9th Cir. 1995) (no arguable basis in law where there is no federal subject matter jurisdiction).

**B. Analysis**

Plaintiff's Complaints include only what appear to be state law claims and more importantly, the Complaints do not establish a basis for federal question jurisdiction. *See* 28 U.S.C. § 1331; ECF No. 5 at 4-5. Moreover, the amount in controversy does not exceed $75,000, which is required for diversity of citizenship jurisdiction. *See* 28 U.S.C. § 1332; ECF No. 5 at 5.

As a result, this Court lacks jurisdiction to entertain Plaintiff's claims. It appears only the state courts are able adjudicate Plaintiff's dispute. Thus, Plaintiff's Complaints are dismissed without leave to amend because amendment would be futile. Plaintiff's Complaints present straight-forward state law causes of action, not ones subject to the jurisdiction of the federal court. Likewise, any appeal of this Order would be frivolous and taken in bad faith. *See* 28 U.S.C. § 1915(a)(3). Therefore, Plaintiff's *in forma pauperis* status (ECF No. 3) is also revoked.

**Accordingly, IT IS HEREBY ORDERED:**

1. The claims asserted in Plaintiff's Complaints (ECF Nos. 4 and 5) are **DISMISSED without leave to amend**.

2. Plaintiff's *in forma pauperis* status (ECF No. 3) is **REVOKED** because any appeal of this matter would be frivolous.

The District Court Executive is directed to enter this Order, enter Judgment of dismissal without leave to amend, forward copies to Plaintiff, and **CLOSE** the file.

DATED April 27, 2017.

THOMAS O. RICE
Chief United States District Judge

ORDER DISMISSING COMPLAINTS WITH PREJUDICE ~ 4